IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHARLES F. CARDONE,                )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        Civ. No. 06-177-KAJ
                                   )
PAULA RYAN, E. STEPHEN             )
CALLAWAY, DELAWARE ATTORNEY )
GENERAL, JUDGE E. SCOTT           )
BRADLEY, JUDGE T. HENLEY          )
GRAVES, MELANIE WITHERS,           )
LAWRENCE SULLIVAN, JUDGE          )
RICHARD STOKES, and MICHAEL R.    )
ABRAM,                             )
                                   )
            Defendants.            )

## MEMORANDUM ORDER

Plaintiff Charles F. Cardone ("Cardone"), an inmate at the Delaware Correctional

Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.  He appears

*pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C.

§ 1915.  (D.I. 7.)  The Court now proceeds to review and screen the complaint pursuant

to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed without prejudice

as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I.    THE COMPLAINT

Cardone alleges that since 2000 he has had "the misfortune of coming into

contact" with the defendants through the Delaware legal system.  Cardone alleges that

each defendant has, from the time of his arrest, denied his numerous requests in his

court cases (i.e., filing motions, bail review, searching for evidence).  Cardone alleges

that Paula Ryan ("Ryan") prosecuted the case and that Michael R. Abram ("Abram") was his court appointed attorney. He alleges that Abram was appointed by Judge T. Henley Graves ("Judge Graves"). Cardone also alleges that he filed a complaint against Judge Graves that was dismissed "supposedly" by Chief Justice Myron Steele. He alleges the dismissal is not a legal document because the signature is illegible.

Cardone also names as defendants E. Stephen Callaway ("Callaway"), an attorney with the Delaware Public Defender's Office; Melanie Withers ("Withers"), an attorney with the Delaware Department of Justice; Lawrence Sullivan ("Sullivan"), the Public Defender of the State of Delaware; Judge Richard Stokes ("Judge Stokes"); Judge E. Scott Bradley ("Judge Bradley"); and, Judge T. Henley Graves ("Judge Graves"). Cardone alleges that his right to due process were, and continue to be, eroded by the defendants. He asks the Court to "pull the defendants' licenses", and also seeks compensatory and punitive damages.

## II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

2

Pro se complaints are liberally construed in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).  An action is frivolous if it "lacks an arguable basis either in law or in fact,"  Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III.    ANALYSIS

### A.    Plaintiff's Habeas Claim

To the extent that Cardone attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus.  Preiser v. Rodriquez, 411 U.S. 475 (1973).  Moreover, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  See Heck v. Humphrey, 312 U.S. 477, 487 (1994).  In the case at bar, Cardone has not alleged

3

that his conviction or sentence was reversed or invalidated as provided by *Heck*.

Indeed, after filing the complaint, his sentence was affirmed by the Delaware Supreme

Court. *See Cardone v. Delaware*, No. 397,2005, 2006 WL 68655 (Del. Mar. 17, 2006).

Accordingly, to the extent Cardone seeks damages for his current incarceration, his

claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *See Neitzke*,

490 U.S. at 326.

### B.    Judicial Immunity

Cardone's claims against Judges Bradley, Graves, and Stokes fail.  Judges are

absolutely immune from suits for monetary damages and such immunity cannot be

overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Furthermore, judicial immunity can only be overcome if the judge has acted outside the

scope of his judicial capacity or in the "complete absence of all jurisdiction." *Id*. at 11-

12.  It is obvious after a perusal of the complaint that there are no allegations that

Judges Bradley, Graves and Stokes  acted outside the scope of their judicial capacity or

in the absence of their jurisdiction. *Mireles*, 502 U.S. at 11.

The named defendant judges are immune from suit for monetary liability under

42 U.S.C. § 1983.  The claims against them lack an arguable basis in law or in fact and,

therefore, I am dismissing as frivolous the claims against them, pursuant to 28 U.S.C. §

1915(e)(2)(B) and § 1915A(b)(1).

### C.    State Actor

Cardone also names as defendants his court appointed attorney Abram, Public

Defender Sullivan, and another attorney employed in the Public Defender's office,

Callaway. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Moore v. Tartler,* 986 F.2d 682, 685 (3d Cir.1993).

Sullivan is the Public Defender for the State of Delaware and Callaway is an attorney employed in the Public Defender's office. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson,* 454 U.S. 312 (1981); *Harmon v. Delaware Secretary of State,*154 Fed.Appx. 283, 284-85 (3d Cir. 2005).

To act under "color of state law" a defendant must be "clothed with the authority of state law." *West,* 487 U.S. at 49. Abram is a private individual who was appointed by the court to represent Cardone in criminal proceedings. He is not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.,* 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio,* 361 F.3d 206, 216-17 (3d. Cir. 2004).

Because Sullivan, Abram, and Callaway are not considered state actors, the claims against them fail under § 1983. Therefore, I am dismissing the claims brought against them as frivolous prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and §1915A(b)(1).

**D.    Prosecutorial Immunity**

Cardone also names as defendants Ryan and Withers, both of whom are employed as prosecutors for the Delaware Department of Justice. The claims against them also fail.

5

Ryan and Withers, as prosecuting attorneys, have absolute immunity for all activities relating to judicial proceedings, inasmuch as prosecutors are absolutely immune for all actions performed in a "quasi-judicial" role. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). A prosecutor's decision whether to initiate a prosecution is protected by absolute immunity because that decision "is at the core of a prosecutor's judicial role." *Kulwicki* v. Dawson, 969 F.2d 1454, 1463-64 (3d Cir. 1992) (citing *Imbler*, 424 U.S. at 430-31).

Ryan has absolute immunity for her actions relative to the prosecution of Cardone, and the complaint contains no allegations against Withers. Accordingly, I am dismissing the claim against Ryan and Withers, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), as they are brought against defendants who are immune from suit.

### E.    Respondeat Superior

Finally, named as a defendant is the Delaware Attorney General. The complaint contains no allegations against this defendant and it appears that Cardone seeks to hold the Attorney General liable on the basis of his supervisory position.

Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

6

There is nothing in the complaint to indicate that the Attorney General was the "driving force [behind]" Cardone's allegations. More so, the complaint does not indicate that the Attorney General was aware of Cardone's allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. Finally, it must be noted that the Attorney General supervised the prosecuting attorneys who are immune from suit as discussed above.

Accordingly, I am dismissing without prejudice as frivolous, the claim against the Attorney General pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that the complaint is DISMISSED without prejudice as legally and factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976).

UNITED STATES DISTRICT JUDGE

June ___, 2006
Wilmington, Delaware

7