ALD-102

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3338

---

CHARLES F. CARDONE,

Appellant

v.

PAULA RYAN; E. STEPHEN CALLAWAY; ATTORNEY GENERAL; E. SCOTT BRADLEY; T. HENLEY GRAVES; MELANIE WITHERS; LAWRENCE SULLIVAN; JUDGE RICHARD STOKES; MICHAEL R. ABRAM*

(*Amended pursuant to order of 7/26/06)

---

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 06-cv-00177)
District Judge: Honorable Kent A. Jordan

---

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
January 19, 2007

BEFORE: SLOVITER, CHAGARES and NYGAARD, CIRCUIT JUDGES

**JUDGMENT**

---

This cause came on to be heard on the record from the United States District Court for the District of Delaware and was submitted for possible dismissal under 28 U.S.C. § 1915(e)(2)(B). On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the appeal is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). All of the above in accordance with the opinion of this Court.

ATTEST:

/s/ Marcia M. Waldron

Clerk

DATED: February 2, 2007

Certified as a true copy and issued in lieu
of a formal mandate on February 26, 2007.

Teste: *Marcia M. Waldron*

Clerk, United States Court of Appeals
for the Third Circuit

OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

| | | |
|---|---|---|
| Marcia M. Waldron<br>Clerk | FOR THE THIRD CIRCUIT<br>21400 United States Courthouse<br>601 Market Street<br>Philadelphia PA 19106-1790 | Telephone<br>267-299-4923 |

www.ca3.uscourts.gov

February 26, 2007

Mr. Peter T. Dalleo, Clerk
U.S. District Court for the District of Delaware
844 King Street
Lockbox 18
Wilmington, DE  19801


**RE: Docket No. 06-3338**
    **Cardone   vs. Ryan**
    **D.C. No. 06-cv-00177**


Dear Mr. Dalleo:

   Enclosed is a certified copy of the judgment together with copy of the opinion in the above-entitled case(s). The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

   Kindly acknowledge receipt for same on the enclosed copy of this letter.

   Counsel are advised of the issuance of the mandate by copy of this letter.  A copy of the certified judgment is also enclosed showing costs taxed, if any.


                              Very truly yours,
                              MARCIA M. WALDRON
                              Clerk

                       By:    Charlene Crisden
                              Case Manager

Enclosure

cc:
      Mr. Charles F. Cardone
      Ophelia M. Waters, Esq.

ALD-102 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3338
_____

CHARLES F. CARDONE,

Appellant

v.

PAULA RYAN; E. STEPHEN CALLAWAY; ATTORNEY GENERAL; E. SCOTT
BRADLEY; T. HENLEY GRAVES; MELANIE WITHERS; LAWRENCE SULLIVAN;
JUDGE RICHARD STOKES; MICHAEL R. ABRAM*

(*Amended pursuant to order of 7/26/06)
_____

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 06-cv-00177)
District Judge: Honorable Kent A. Jordan
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
January 19, 2007

BEFORE: SLOVITER, CHAGARES and NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed: February 2, 2007)

_____

OPINION
_____

PER CURIAM

Charles F. Cardone, a Delaware state prisoner proceeding pro se, appeals from the District Court's dismissal of his complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Because we agree with the District Court and conclude that this appeal is frivolous as well, we will dismiss it pursuant to § 1915(e)(2)(B).

Cardone filed a complaint under 42 U.S.C. § 1983, alleging that defendants have "eroded" his due process rights ever since he has "had the misfortune of coming into contact [with them] through Delaware's legal system[.]" Such contact was occasioned by Cardone's prosecution for and conviction of three crimes, the sentences for which the Delaware Supreme Court recently affirmed. See generally Cardone v. State, No. 397,2005, 2006 WL 686588 (Del. Mar. 17, 2006). The defendants are all judges or lawyers, and include the judge who presided over Cardone's trial (appellee Graves), the prosecutor (appellee Ryan) and Cardone's appointed counsel (appellee Abram). Also named as defendants are two other judges (appellees Bradley and Stokes), the Delaware Public Defender and a lawyer in his office (appellees Sullivan and Callaway, respectively), another prosecutor (appellee Withers) and the Delaware Attorney General.

Cardone alleges that "each defendant" has denied his "numerous requests" and, in particular, that he "requested motions to be filed, search for evidence to prove [his] innocence, bail reviews to reduce [his] bail, only to be ignored." Cardone further alleges that he has filed disciplinary complaints against appellees Abram and Graves, which were dismissed. Cardone seeks damages and requests that the District Court "[p]ull the

defendant's [sic] licenses" that allow them to "make a mockery of our legal system."

Cardone is proceeding in forma pauperis, so we review this appeal to determine whether it should be dismissed as frivolous pursuant to § 1915(e)(2)(B).[1] An appeal is frivolous if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). We are in complete agreement with the District Court's reasons for dismissing Cardone's complaint, and our independent review reveals that there is no arguable basis to challenge them. In particular, for the reasons explained by the District Court, we agree that the judicial and prosecutorial defendants are immune from this suit, that Cardone's counsel and the public defender defendants are not state actors for § 1983 purposes, and that the complaint does not state an actionable claim against the Delaware Attorney General. We further agree that the complaint states no basis for relief even if it is liberally construed to challenge the validity of, or seek damages resulting from, Cardone's conviction or sentence, and that any amendment of the complaint would be futile.

---

[1] The District Court dismissed Cardone's complaint without prejudice, but we have jurisdiction pursuant to 28 U.S.C. § 1291, both because the dismissal was in part pursuant to § 1915(e) and because any amendment of the complaint would be futile. See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). Our review is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).